UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BMO BANK N.A., a national banking association, <br><br> Plaintiff, <br><br> v. <br><br> TYRONE CLARK, an individual, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:23-cv-15362 |

## COMPLAINT

COMES NOW Plaintiff, BMO Bank N.A., and in support of its Complaint (the "Complaint"), states as follows:

### PARTIES

1. Plaintiff, BMO Bank N.A. f/k/a BMO Harris Bank N.A. ("Plaintiff") is a national banking association with its main office located in Chicago, Cook County, Illinois, as set forth in its articles of association. Effective September 3, 2023, Plaintiff adopted amended articles of association pursuant to which its corporate title was changed from "BMO Harris Bank National Association" to "BMO Bank National Association." For jurisdictional purposes, Plaintiff is a citizen of the State of Illinois.

2. Defendant Tyrone Clark ("Defendant") is an individual domiciled within, and a citizen of, the State of Mississippi and may be served with process at 7148 Jefferson Heights Road, Olive Branch, Mississippi 38654.

### JURISDICTION AND VENUE

3. The parties are of diverse citizenship.

HB: 4885-8541-6580.1

4.    The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

6.    In the agreements that form the subject matter of this Complaint, the parties agreed that any legal action or proceeding with respect to or relating to such agreements shall be brought exclusively in the federal or state courts located in Illinois.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8.    On or about April 6, 2023, non-party Clark N Son Transportation Inc. ("Borrower") entered into a Loan and Security Agreement (the "Agreement") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (including any amendment or modifications thereto, the "Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit A**.

9.    Plaintiff performed all of its obligations under the Agreement and did, in fact, finance Borrower's purchase of the Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Agreement.

10.   Defendant guaranteed the full and timely performance of Borrower under all its past, present, and future obligations to Plaintiff and its affiliates, successors, and assigns (the "Guaranty"). A true and correct copy of the Continuing Guaranty dated April 6, 2023 in favor of Plaintiff and its affiliates, successors, and assigns evidencing the Guaranty is attached hereto and incorporated herein as **Exhibit B**.

11. Under the terms and conditions of the Agreement, failure to make a payment when due is considered an event of default. *See* Exhibit A, at ¶ 5.1(a).

12. Under the terms and conditions of the Agreement, the filing of a petition in bankruptcy or for an arrangement, reorganization or similar relief, by or against the Borrower or a guarantor, is an event of default. *See* Exhibit A, at ¶ 5.1(e).

**Default under the Agreement**

13. On September 29, 2023, Borrower filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Tennessee (the "Bankruptcy Court"), initiating Case No. 23-24830 (the "Bankruptcy Case"). A true and correct copy of the Notice of Bankruptcy Filing is attached hereto as **Exhibit C**.

14. As a result of Borrower's default under the Agreement, effective September 29, 2023, Plaintiff elected to accelerate the balance due under the Agreement and declare the entire indebtedness owed pursuant to the Agreement immediately due and payable.

15. Defendant is in default under the Guaranty.

16. Defendant failed to make payments when they became due under the Agreement. Defendant's defaults under the Agreement and Guaranty are continuing.

17. Calculated as of October 4, 2023, the amount due and owing under the Agreement, not including attorneys' fees and costs of collection, was an amount not less than $439,235.54. In addition, default interest, fees, and expenses continue to accrue as set forth in the Agreement.

18. The Guaranty expressly provides that Plaintiff and Defendant unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto. *See* Exhibit B.

HB: 4885-8541-6580.1

19. Plaintiff has performed any and all conditions and obligations required of it under the Agreement and the Guaranty.

20. Plaintiff has retained the services of Husch Blackwell LLP to prosecute this action and has thereby incurred attorneys' fees and is entitled to recover attorneys' fees and costs pursuant to the Agreement. *See* Exhibit A, at ¶ 5.2(a).

## COUNT I
## BREACH OF CONTRACT

21. Plaintiff realleges and incorporates the allegations contained in the foregoing paragraphs as if restated fully herein.

22. Defendant executed and delivered to Plaintiff the written Guaranty evidencing Defendant's obligations.

23. Plaintiff relied on the Guaranty in financing Borrower's purchase of the Collateral.

24. Defendant guaranteed the payment and performance of Borrower under the Agreement, and the Guaranty is not merely a guaranty of collection.

25. Plaintiff made demand upon Defendant to perform his obligations under the Guaranty and the Agreement.

26. Despite demand, Defendant failed to perform his obligations under the Guaranty and the Agreement.

27. Defendant breached the Guaranty by his failure to make payments under the Agreement as they became due.

28. By breaching the Guaranty, Defendant has damaged Plaintiff.

29. The Guaranty provides that Defendant shall pay to Plaintiff all reasonable attorneys' fees and costs and expenses incurred in connection with any indebtedness Defendant fails to pay under the Agreement.

30. Plaintiff has incurred and continues to incur expenses in its efforts to collect this debt, including attorneys' fees and costs.

31. Defendant has waived his right to a jury trial.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Defendant in the amounts due under the Agreement and Guaranty, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: October 26, 2023.

>Respectfully Submitted,
>
>**BMO BANK N.A.**
>
>By: /s/ Aaron B. Chapin
>   (one of its attorneys)
>
>Aaron B. Chapin (ARDC 6292540)
>Husch Blackwell LLP
>120 South Riverside Plaza
>Chicago, IL 60606
>Phone: 312.655.1500
>Fax 312.655.1501
>aaron.chapin@huschblackwell.com